LAW OFFICES OF DEBORAH L. RAYMOND
DEBORAH L. RAYMOND, SBN 173528
445 Marine View Avenue, Suite 300
Del Mar, CA 92014
Telephone: (858) 481-9559
Email: draymondlaw@gmail.com

FRANCIS & MAILMAN, P.C.
JAMES A. FRANCIS (*pro hac vice forthcoming*)
JOHN SOUMILAS (*pro hac vice forthcoming*)
DAVID A. SEARLES (*pro hac vice forthcoming*)
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Telephone: (215) 735-8600
Facsimile:  (215) 940-8000
Email: jfrancis@consumerlawfirm.com
       jsoumilas@consumerlawfirm.com
       dsearles@consumerlawfirm.com

*Attorneys for Plaintiff
Bobby S. Dutta*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| BOBBY S. DUTTA, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

## PRELIMINARY STATEMENT

1. Plaintiff Bobby S. Dutta brings this class action against State Farm Mutual Automobile Insurance Company (State Farm). This action is based upon Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x (FCRA) and the California Consumer Credit Reporting Agencies Act, (CCRAA), CAL. CIV. CODE §§ 1785.1 *et seq*. Defendant systematically violates the rights of consumers who applied for jobs with Defendant by failing to notify such consumers of their rights under California law, failing to obtain proper consent under California law, and by using employment background reports to make adverse employment decisions without timely providing applicants who are the subject of these reports a copy of the reports obtained, along with a summary of rights, and a sufficient amount of time to contest and/or correct any errors in the reports, before taking adverse action.

2. The FCRA was enacted to insure that consumer reporting is conducted "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" and the proper use of such information. 15 U.S.C. § 1681(b). In order to ensure that consumers are aware that reports are being generated about them, and to give consumers opportunities to review the reports and contest inaccuracies and illegalities in the report, Congress established a mandatory notification and disclosure regime. Many of these notices and disclosures are specifically designed to govern job applicants whose prospective employers perform background screening. Congress included in the statutory scheme a series of due-process-like protections that impose strict procedural rules on "users" of "consumer reports" such as State Farm. This action involves the systematic violation of those important rules.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

4. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff Bobby S. Dutta is an adult individual who resides in Cameron Park, California.

6. State Farm Mutual Automobile Insurance Company is a corporation and the nation's largest insurer according to its marketing representations. It maintains one of its main operations centers at 400 Mare Island Way, Vallejo, California 94590-5867 ("Vallejo Operations Center"). The Vallejo Operations Center employs hundreds of employees and is one of State Farm's offices that underwrites insurance and oversees the company's business operations for a particular designated geographical territory. At all times relevant hereto, the Vallejo Operations Center was located within the Northern District of California, and Defendant was doing business throughout the United States, including in the State of California.

7. State Farm is a "person" which uses "consumer reports" to make "employment decisions" and take "adverse action" against "consumers," as those terms are defined by 15 U.S.C. § 1681a.

8. State Farm is also a "person" which uses "consumer credit reports" for "employment purposes" to take "adverse action" against "consumers," as those terms are defined by CAL. CIV. CODE § 1785.3.

## FACTUAL ALLEGATIONS

9. On or about March 3, 2014, Plaintiff Bobby S. Dutta applied for employment with State Farm. Mr. Dutta was seeking to become a State Farm

agent. In response to his application, State Farm invited him to take its Sales & Leadership Career Profile ("SLCP") test which it administers to candidates of interest.

10. On or about March 6, 2014, Mr. Dutta took the SLCP.

11. On or about March 9, 2014, Mr. Dutta signed a form document purportedly authorizing State Farm to obtain a consumer report for employment purposes.

12. The document did not identify the specific basis under CAL. LABOR CODE § 1024.5 for use of the report, did not identify the source of the report, and did not contain a box which Mr. Dutta could check to receive a copy of the report, as required by CAL. CIV. CODE § 1785.20.5(a). As a result, State Farm did not have the consent required under California law to obtain a consumer report about Mr. Dutta.

13. On or about March 9, 2014, State Farm ordered a consumer credit report concerning Mr. Dutta from Business Information Group, Inc. ("BIG").

14. State Farm maintains a contract with BIG whereby State Farm regularly purchases consumer reports for "employment purposes" as defined by 15 U.S.C. § 1681a(d)(1)(b) and CAL. CIV. CODE § 1785.3(f).

15. On or about March 10, 2014, State Farm congratulated Mr. Dutta on passing the SLCP, and he advanced to the next stage of the hiring process.

16. Shortly after receiving a consumer credit report from BIG concerning Mr. Dutta, State Farm took adverse action against Mr. Dutta by declining his application for employment. Specifically, on March 11, 2014, Roberta Thomas of State Farm notified Mr. Dutta by telephone that he had been rejected for employment with State Farm due to negative items on his consumer credit report and that this determination was final. At that time, he was not

provided with a copy of the BIG report and was never told that he had the opportunity to dispute the report.

17. Three days later, on March 14, 2014, Mr. Dutta received a letter sent from State Farm's Vallejo, California operations center enclosing a copy of the BIG consumer report and stating that State Farm had purportedly not yet completed its review of Mr. Dutta's application, "and may take action based, in whole or in part, on the enclosed consumer report." (hereinafter the "Pre-Adverse Action Notice"). The Pre-Adverse Action Notice was a sham as adverse action had already been taken at least three days before, and was merely designed to act as a superficial appearance of compliance with the FCRA.

18. The BIG consumer report included inaccurate information concerning credit card and loan accounts that misrepresented Mr. Dutta's credit worthiness and financial responsibility.

19. On March 17, 2014, and as instructed by the Pre-Adverse Action Notice, Mr. Dutta called State Farm to dispute the accuracy of some of the information contained within the BIG report, specifically the recentness and accuracy of several delinquencies reported by Bank of America and Chase. State Farm did nothing in connection with investigating Mr. Dutta's dispute.

20. On March 18, 2014, Mr. Dutta received an email from State Farm that he was "withdrawn from the State Farm Agency Career Track program."

21. At the time the above-described Pre-Adverse Action Notice was sent to Mr. Dutta, and in conformity with Defendant State Farm's customary practice, State Farm had already taken adverse action against him by declining his employment application.

22. At no time prior to taking the adverse action towards Mr. Dutta did State Farm provide him with a copy of his consumer report and a statement of his rights under the FCRA as required by 15 U.S.C. § 1681b(b)(3)(A).

23. State Farm further failed to request that a copy of the report be provided to Mr. Dutta contemporaneously, as required by CAL. CIV. CODE § 1785.20.5.

24. State Farm routinely obtains and uses consumer reports, including background reports, on job applicants as part of a standard screening process.

25. State Farm does not perform these background checks in-house. Rather, State Farm obtains and uses consumer reports purchased from consumer credit reporting agencies, such as BIG.

26. State Farm does not provide a written notice to job applicants about whom it intends to obtain a background report which identifies the specific basis under CAL. LABOR CODE § 1024.5 for use of the report, does not identify the source of the report, and does not provide notice which contains a box which the job applicant can check to receive a copy of the report, as required by CAL. CIV. CODE § 1785.20.5(a). This harms consumers by preventing them from exercising their rights and compels the user and CRA to provide contemporaneous disclosure of their background reports when such reports are provided to the requesting employer-user. Such simultaneous disclosure allows consumers to discover job threatening errors in their background reports before it is too late. Given Plaintiff's interest in pursuing employment, State Farm's failure to comply with the CCRAA presents a risk that he will be harmed by such conduct in the future.

27. State Farm does not provide job applicants with a copy of their consumer credit reports and a summary of their FCRA rights before it takes adverse action against them based upon the information in such reports, despite being required to do so by Section 1681b(b)(3)(A) of the FCRA. Rather, it is State Farm's policy and practice to use background checks to make a quick or instantaneous decision about a consumer's eligibility for employment, and only

afterward provide notification to the consumer.  As such, the Pre-Adverse Action Notices that State Farm sent to Plaintiff and other consumers is a sham designed to feign compliance with the FCRA.

28.	These practices violate some of the most fundamental protections afforded job applicants under the FCRA and CCRAA, and run counter to longstanding regulatory guidance.  The Federal Trade Commission (FTC) has long held that Section 604(b)(3)(a) [15 U.S.C. § 1681b(b)(3)(A)] "requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken.  Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action.  Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information in case the report is inaccurate or incomplete."  *See* Federal Trade Commission letter dated June 9, 1998 to A. Michael Rosen, Esq.

29.	A primary reason that Congress required that a person intending to take an adverse action based on information in a consumer report provide the report to the consumer *before* taking the adverse action is so the consumer has time to review the report and dispute information that may be inaccurate, or discuss the report with the prospective employer, before adverse action is taken. *See* Federal Trade Commission letter dated December 18, 1997 to Harold R. Hawkey, Esq. ("[T]he clear purpose of the provision to allow consumers to discuss reports with employers or otherwise respond before adverse action is taken").

30.	Consistent with that purpose, federal courts have held that the prospective employer must provide the report to the consumer "a sufficient amount of time before it takes adverse action so that the consumer may rectify

7

any inaccuracies in the report." *Williams v. Telespectrum, Inc.,* 2006 U.S. Dist. LEXIS 101162, at *18 (E.D. Va. November 7, 2006); *Beverly v. Wal-Mart Stores, Inc.*, 2008 U.S. Dist. LEXIS 2266 (E.D. Va. January 11, 2008) (quoting *Williams*). In *Reardon v. Closetmaid Corporation*, 2011 U.S. Dist. LEXIS 45373 (W.D. Pa. April 27, 2011), the court certified a class action for prospective employees who did not receive a copy of their credit report at least five days before being notified that the employer might take adverse action.

31. By means of these cases and others construing FCRA Section 1681b(b)(3)(A), State Farm had substantial notice that its conduct violated the FCRA.

32. By failing to provide Plaintiff and other class members with copies of their consumer reports and their FCRA rights prior to taking adverse action against them, State Farm willfully and negligently disregarded the case law, regulatory guidance, and the plain language of the FCRA Section 1681b(b)(3)(A).

33. Further, by failing to provide Plaintiff and class members with written notice identifying the specific basis under CAL. LABOR CODE § 1024.5 for use of the report, the source of the report, and containing a box which the job applicant can check to receive a copy of the report, and by failing to ensure that the person who was the subject of the report received a copy of the report contemporaneously and at no charge, State Farm willfully and negligently disregarded the plain requirements of CCRAA Section 1785.20.5(a).

34. State Farm's conduct is a result of its deliberate policies and practices, and was taken in reckless disregard for consumers' rights under the FCRA and CCRAA.

35. State Farm was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of State Farm.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action on behalf of the following Classes:

For State Farm's violations of the FCRA:

(a) All persons residing at an address within the United States and its Territories who, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action, (i) were the subject of a consumer report used by Defendant for employment purposes, (ii) were the subject an adverse employment action by Defendant based in whole or in part upon the consumer report, and (iii) were not provided a copy of the report and/or a written summary of their FCRA rights prior to the adverse action.

(b) All persons residing at an address within the United States and its Territories who, beginning five (5) years prior to the filing of this Complaint and continuing through the conclusion of this action, (i) were the subject of a consumer report used by Defendant for employment purposes, (ii) were the subject an adverse employment action by Defendant based in whole or in part upon the consumer report, and (iii) were not provided a copy of the report and/or a written summary of their FCRA rights prior to the adverse action

For State Farm's violations of the CCRAA:

(c) All persons residing at an address within the State of California beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action for whom State Farm used an authorization to obtain a consumer credit report substantially similar in form to the one signed by Plaintiff Dutta on March 9, 2014.

(d) All persons residing at an address within the State of California beginning seven (7) years prior to the filing of this Complaint and continuing through the conclusion of this action for whom State Farm used an authorization to obtain a consumer credit report substantially similar in form to the one signed by Plaintiff Dutta on March 9, 2014.

37. The classes are so numerous that joinder of all members is impracticable. Plaintiff avers upon information and belief that the classes number in the thousands. State Farm employs over 65,000 employees and 18,000 agents. State Farm regularly obtains and uses information in consumer reports to conduct background checks on prospective and current employees and relies on such information, in whole or in part, as a basis for adverse action. Information concerning the exact size of the classes is within the exclusive possession of State Farm.

38. There are questions of law and fact common to the classes that predominate over any questions affecting only individual class members. The principal questions concern whether the Defendant violated the FCRA and the CCRAA by failing to provide proper notice of intent to obtain consumer reports for employment purposes and failing to provide copies of such reports prior to taking adverse action against consumers who were subject of the reports, and whether Defendant acted willfully in violating the FCRA and CCRAA.

39. Plaintiff's claims are typical of the claims of the classes, which all arise from the same operative facts and are based on the same legal theories. State Farm typically uses consumer reports to conduct background checks on current and prospective employees. State Farm does not provide written notice containing the elements required by CCRAA Section 1785.20.5(a) prior to obtaining these background checks, and does not provide copies of consumer reports to current and prospective employees before taking adverse action based

on such reports.

40. Plaintiff will fairly and adequately protect the interests of the classes. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

41. This action should be maintained as a class action because the prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

42. Whether Defendant violated the FCRA and CCRAA can be determined by Defendant's policies and a ministerial inspection of Defendant's business records.

43. A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the class members may be derived from Defendant's records.

## **COUNT I - CLASS CLAIM**
## **VIOLATION OF THE FCRA § 1681b(b)(3)(A)**

44. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45. Pursuant to sections 1681n and 1681o of the FCRA, Defendant is

liable for willfully and negligently failing to provide a copy of the consumer report and the summary of FCRA rights required by this section to Plaintiff and the members of the class before taking adverse action that was based in whole or in part on a consumer report, for the time period beginning two years before this action was filed.

46. WHEREFORE, Plaintiff respectfully prays for an order certifying the proposed class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for statutory and punitive damages for violation of 15 U.S.C. § 1681b(b)(3)(A), pursuant to 15 U.S.C. § 1681n; that judgment be entered for Plaintiff and the class against Defendant for actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and that the Court grant such other and further relief as may be just and proper.

## COUNT II – CLASS CLAIM
## VIOLATION OF THE CCRAA § 1785.20.5

47. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48. Plaintiff is a "consumer" as that term is defined by CAL. CIV. CODE § 1785.3(b).

49. The above-mentioned credit reports were "consumer credit reports" as that term is defined by CAL. CIV. CODE § 1785.3(c).

50. Pursuant to CAL. CIV. CODE § 1785.31, Defendant is liable for violating the CCRAA by failing to provide written notice prior to obtaining consumer credit reports for employment purposes which identified the specific basis under CAL. LABOR CODE § 1024.5 for use of the report, identified the source of the report, and contained a box that the job applicant could check off to

receive a copy of the report, pursuant to CAL. CIV. CODE § 1785.20.5 with respect to Plaintiff and the class.

WHEREFORE, Plaintiff respectfully prays for an order certifying the proposed class and appointing Plaintiff and his counsel to represent the class; for judgment in favor of Plaintiff and the class against Defendant State Farm for actual damages; for punitive damages of $100 to $5,000 per class member per violation of the CCRAA; for injunctive relief; for costs and attorney's fees; and for such other and further relief as the Court may deem proper.

Dated: September 23, 2014

                LAW OFFICES OF DEBORAH L. RAYMOND
                            and
                FRANCIS & MAILMAN, P.C.

                By:    /s/ Deborah L. Raymond
                           Deborah L. Raymond
                Attorneys for Plaintiff and the Classes

### JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues.

Dated: September 23, 2014

                LAW OFFICES OF DEBORAH L. RAYMOND
                            and
                FRANCIS & MAILMAN, P.C.

                By:    /s/ Deborah L. Raymond
                           Deborah L. Raymond

                Deborah L. Raymond, SBN 173528
                Law Offices of Deborah L. Raymond
                445 Marine View Avenue, Suite 300
                Del Mar, CA 92014

(858) 481-9559 (Telephone)
(858) 724-0747 (Facsimile)
draymondlaw@gmail.com
raymondlawoffices@gmail.com

James A. Francis (*pro hac vice forthcoming*)
John Soumilas (*pro hac vice forthcoming*)
David Searles (*pro hac vice forthcoming*)
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600 (Telephone)
(215) 940-8000 (Facsimile)
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com

Robert S. Sola (*pro hac vice forthcoming*)
Robert S. Sola, P.C.
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 295 – 6880 (Telephone)
(503) 291 – 9172 (Facsimile)
rssola@msn.com

*Attorneys for Plaintiff and the Classes*