TIFFANY L. POWERS (*pro hac vice*)
tiffany.powers@alston.com
LISA CASSILLY (*pro hac vice*)
lisa.cassilly@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-7000

DOUGLAS R. HART, SBN 115673
dhart@sidley.com
JENNIFER B. ZARGAROF, SBN 204382
jzargarof@sidley.com
**SIDLEY AUSTIN LLP**
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Defendant
State Farm Mutual Automobile Insurance Company

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY S. DUTTA, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>      v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>        Defendant. | Case No.: 3:14-cv-4292-CRB<br><br>Judge: Hon. Charles R. Breyer<br><br>**STATE FARM'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION TO AMEND THE SCHEDULING ORDER, AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:        September 16, 2016<br>Time:      10:00AM<br>Crtrm:     6<br><br>Filing Date:    July 25, 2016 |

## **NOTICE OF MOTION AND MOTION**

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that in Courtroom 6 of this Court located at 450 Golden Gate Avenue, San Francisco, California, 94102, on September 16, 2016, at 10:00AM,[1] or as soon thereafter as this matter may be heard, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") will and hereby does move this Court for summary judgment in the above-captioned action on Plaintiff Bobby Dutta's ("Dutta") lack of standing to bring his claim under section 1681b(b)(3)(A) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., the sole cause of action asserted by Dutta. As set forth more fully in the accompanying Memorandum of Points and Authorities, Dutta's claim fails under the United States Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016) ("*Spokeo*"). Specifically, because Dutta has not alleged that he suffered any concrete harm as a result of State Farm's alleged statutory violation of the FCRA, and has further confirmed the absence of any concrete harm in his response to a direct discovery request, Dutta does not have standing to bring this suit under Article III of the United States Constitution.

In the alternative, State Farm respectfully asks that the Court amend the current scheduling order to allow for a bifurcated discovery process. State Farm requests that discovery initially be limited to the threshold issue of Dutta's standing to maintain this action. After discovery is concluded on this threshold issue, State Farm requests that the Parties be permitted to file dispositive motions on the sufficiency of Dutta's proof that he suffered any concrete harm as a result of State Farm's alleged statutory violation of the FCRA. State Farm submits that, in the interest of avoiding unnecessary expenditure of time and resources, discovery should only be expanded to other issues if the Court first determines that Dutta has adduced sufficient evidence of concrete harm to have standing to bring his claim.

In support of this Motion, State Farm submits the accompanying Memorandum of Points and Authorities along with Dutta's responses to State Farm's first discovery requests, as well as the

---

[1] State Farm has noticed a hearing for this Motion in compliance with local rules, but would not object to the Court deciding the Motion on the briefing alone.

pleadings and records on file herein, and such other evidence and arguments as may be presented to the Court prior to or at the hearing of this Motion.

DATED: July 25, 2016.

/s/ Tiffany L. Powers

TIFFANY L. POWERS (*pro hac vice*)
tiffany.powers@alston.com
LISA CASSILLY (*pro hac vice*)
lisa.cassilly@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-7000

DOUGLAS R. HART, SBN 115673
dhart@sidley.com
JENNIFER B. ZARGAROF, SBN 204382
jzargarof@sidley.com
**SIDLEY AUSTIN LLP**
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendant*
*State Farm Mutual Automobile Insurance Company*

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 56, Local Rules 7 and 56, and other applicable law, Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), through its undersigned attorneys, respectfully submits this Memorandum of Points and Authorities in Support of its Motion for Summary Judgment, showing the Court as follows:

## I.  STATEMENT OF RELEVANT FACTS AND ISSUES TO BE DECIDED

Plaintiff Bobby S. Dutta ("Dutta") filed his First Amended Class Action Complaint ("FAC") (Dkt. No. 28) on December 12, 2014, asserting a single cause of action under section 1681b(b)(3)(A) of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").  Dutta's claim is based on an alleged purely procedural violation of the FCRA's pre-adverse action notice requirement, which is precisely the kind of "bare procedural violation" contemplated by the U.S. Supreme Court's recent holding in *Spokeo, Inc. v. Robins* ("*Spokeo*"), 136 S. Ct. 1540 (2016).  As *Spokeo* made clear, a claim such as the one alleged by Dutta – devoid of any concrete and particularized harm – does not satisfy the requirements for Article III standing.  Because Dutta's own allegations and interrogatory responses show that he cannot demonstrate an injury in fact to satisfy the threshold standing requirement, his claim should be dismissed as a matter of law.

In relevant part, the FCRA provides that when a consumer report is used for employment purposes, before taking any adverse action based in whole or in part on the report, the employer intending to take such adverse action shall provide the consumer with (i) a copy of the report; and (ii) a description in writing of the consumer's rights under the FCRA.  *See* 15 U.S.C. § 1681b(b)(3).  Here, Dutta alleges that State Farm failed to provide him with a copy of his consumer report and a summary of his FCRA rights before taking adverse action against him, based on his credit history, with regard to his application to State Farm's Agency Career Track Program ("ACT Program").  (FAC, ¶ 43).  The crux of Dutta's claim is his allegation that, on March 11, 2014, a State Farm representative purportedly notified him by telephone "that he had been rejected for employment with State Farm due to negative items on his consumer credit report and that this determination was final."  (Id. at ¶ 14.) Dutta admits that he received a pre-adverse action notice and a summary of his FCRA rights – including the right to review and make corrections to his credit report – three days later on March 14,

2014, but continues on to make the unsupported assertion that the notice was "a sham" and "merely designed to act as a superficial appearance of compliance with the FCRA." (Id. at ¶ 15.) Regardless, even if Dutta's allegations are taken as true for purposes of this Motion, that does not change the fact that he is alleging a purely procedural violation of an FCRA notification requirement.

While this case was pending, the United States Supreme Court accepted certiorari in *Spokeo, Inc. v. Robins*, No. 13-1339 (U.S. Apr. 27, 2015), an appeal from a decision of the Ninth Circuit which presented the following question: "Does a plaintiff who suffers no concrete harm, but who instead alleges only a statutory violation, have standing to bring a claim on behalf of himself or a class of individuals?" Since Dutta, like the *Spokeo* plaintiff, alleges only a procedural violation and no concrete harm, on motion by State Farm (*see* Dkt. No. 56), this Court entered an order on March 10, 2016, staying all proceedings in this case until 60 days following the issuance of the Supreme Court's *Spokeo* decision. (Dkt. No. 60.) In so ruling, this Court noted that there was a "significant possibility that said decision could materially and substantially affect the future proceedings in this case." (Id.)

The Supreme Court's opinion in *Spokeo* was issued on May 16, 2016.[2] As this Court predicted, the decision materially and substantially affects the proceedings in this case. In *Spokeo*, the Supreme Court held that an allegation of a statutory violation, without some showing of concrete harm, is not enough for a plaintiff to establish Article III standing to pursue a federal claim like the FCRA claim Dutta asserts here. *See Spokeo*, 136 S.Ct. at 1549 ("Article III standing requires a concrete injury even in the context of a statutory violation."). Where, as here, Dutta has alleged nothing more than a bare procedural violation absent any allegation of concrete harm, he has no standing to proceed on his individual FCRA claim, let alone standing to bring a claim on behalf of a class.

In light of the above, and the arguments set forth below, State Farm respectfully submits that it is entitled to summary judgment on Dutta's claim. Alternatively, if the Court believes that the record is incomplete on the issue of standing, State Farm requests that the Court bifurcate discovery, limiting it initially to the issue of standing, and then allow further discovery only in the event that the Court determines thereafter that Dutta satisfies the prerequisites of Article III, as clarified by the

---

[2] Accordingly, the stay in this case expired on July 15, 2016.

Supreme Court's *Spokeo* decision.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Legal Standard

#### 1. Summary Judgment

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment has the burden of showing that there are no material issues of fact and that the movant is entitled to judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60 (1970). The moving party also bears the responsibility of informing the court of the basis for the motion, and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "A party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Cline v. Industrial Maintenance Eng'g & Contr. Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000). Because Dutta has not genuinely disputed the material facts with regard to his lack of concrete harm, State Farm's respectfully submits that the Court should grant its Motion for Summary Judgment.

#### 2. Standing

Article III of the United States Constitution limits federal jurisdiction to "cases" and "controversies," and standing is "an essential and unchanging part of this requirement." U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). As such, standing is "the threshold question in every federal case." *Warth v Seldin*, 422 U.S. 490, 498 (1975). Dutta cannot cross that threshold here.

The Supreme Court has established that the "irreducible constitutional minimum" of standing consists of three elements. *Lujan*, 504 U.S. at 560. Specifically, the plaintiff must have (1) suffered

an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.* at 560-61. A plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). These elements "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation." *Lujan,* 504 U.S. at 561.

Although general factual allegations of injury resulting from an alleged violation may suffice at the pleading stage to establish standing, at the summary judgment stage they do not. *Dep't of Commerce v. United States House of Representatives,* 525 U.S. 316, 329 (1999); *Lujan,* 504 U.S. at 561. Rather, on a motion for summary judgment, "a plaintiff must establish that there exists no genuine issue of material fact as to justiciability or the merits." *Dep't of Commerce,* 525 U.S. at 329.

**B. Dutta Lacks Standing Because He Has Failed To Show Evidence Of Concrete Harm From The Alleged Statutory Violation.**

Dutta seeks judgment, on behalf of himself and a class of similarly-situated plaintiffs, for statutory and punitive damages pursuant to 15 U.S.C. § 1681n.[3] (FAC, ¶ 44.) Notably absent from the FAC, however, are <u>any</u> allegations of <u>any</u> actual harm that Dutta suffered as a result of State Farm's alleged procedural violation. For example, although Dutta asserts that the consumer report about him "included inaccurate information concerning credit card and loan accounts that misrepresented [his] credit worthiness and financial responsibility," (FAC, ¶ 16), nowhere does he affirmatively claim that, had his report not contained the purported errors, he would have otherwise met all the necessary requirements for continuation in the ACT Program application process and would not have been withdrawn from consideration. Indeed, Dutta's allegations focus *entirely* on

---

[3] FCRA claims may be alleged as either negligent or willful violations. For negligence claims, plaintiffs may only be awarded their actual damages along with costs and reasonable attorneys' fees. *See* 15 U.S.C. § 1681o(a). By contrast, for willful violations plaintiffs may elect to seek either actual damages *or* statutory damages (but not both) of "not less than $100 and not more than $1000" per violation, as well as punitive damages in "such amount . . . as the court may allow," plus costs and fees. *See* 15 U.S.C. § 1681n.

the alleged fact that State Farm failed to comply with the FCRA's statutory notice requirements – the hallmark of the bare procedural violation deemed to be insufficient under *Spokeo* to confer Article III standing. The FAC utterly fails to allege any actual harm that Dutta purportedly suffered as a result of the alleged violation. (*See, e.g.,* FAC ¶¶ 25, 31-32, 43.)

Moreover, Dutta himself has presented evidence underscoring the fact that he cannot, as a matter of law, establish the level of concrete and particularized harm required by Article III. Before the case was stayed, State Farm directly asked Dutta, in its First Interrogatories,[4] to "[s]tate with particularity the harm you believe you suffered as a result of any allegation alleged in the FAC, including any costs incurred in applying for consideration in the State Farm Agency Career Track program." (Ex. A, pp. 6-7, ¶ 8.) Dutta's response, in its entirety, was as follows:

> RESPONSE: Harm includes not being provided a copy of the background report as required under the FCRA, not being informed of my rights under the FCRA, including my right to dispute information in the background report prior to State Farm declining my application for employment, which affected my application for employment. Other damages are frustration, emotional distress, and waste of time.

(Id.) According to Dutta's own admission, then, the only purported "harm" he can show from allegedly not being provided a copy of his background report and a copy of his rights under the FCRA is that he was not provided a copy of his background report and a copy of his rights under the FCRA. This was apparently frustrating to him, despite the fact that he does not dispute having received a copy of his background report and a copy of his rights under the FCRA several days prior to the email informing him that he had been withdrawn from the ACT Program application process. (*See* FAC, ¶ 15.)[5] Such frustration, however, does not rise to the level of a concrete and

---

[4] Copies of Dutta's Responses to State Farm's First Set of Interrogatories and his Responses to State Farm's First Requests for Production of Documents are attached hereto, respectively, as Exhibits A and B.

[5] As another example, elsewhere in the FAC Dutta asserts that

> [b]y failing to provide Plaintiff and other class members with copies of their consumer reports and their FCRA rights prior to taking adverse action against them, State Farm willfully and negligently disregarded the case law, regulatory guidance, and the plain language of the FCRA Section 1681b(b)(3)(A).

particularized injury sufficient for Article III standing under *Spokeo*'s clear and unambiguous holding. Rather, based on Dutta's own admission, he cannot sufficiently demonstrate an injury in fact – the "[f]irst and foremost" element of standing[6] – and his claim must therefore fail.

"Injury in fact is a constitutional requirement, and it is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Spokeo*, 136 S.Ct. at 1547-48 (internal quotations omitted). To establish injury in fact, a plaintiff must show that he or she suffered harm that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. "A concrete injury must be *de facto*; that is, it must actually exist." *Spokeo*, 136 S.Ct. at 1548 (internal quotation marks and citation omitted). It must be "real, and not abstract." *Id.* at 1548 (internal quotation marks and citations omitted).

In *Spokeo*, the Supreme Court addressed the concrete injury requirement as applied to a plaintiff who, like Dutta, brought his private cause of action to enforce his FCRA rights under the FCRA's statutory damages provision.[7] *See* 15 U.S.C. § 1681n. In its opinion, the Supreme Court clarified that, while an injury in fact must not necessarily be a tangible one, a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 136 S.Ct. at 1548.

---

(FAC, ¶ 31.) But "failing to provide [applicants] with copies of their consumer reports and their FCRA rights prior to taking adverse action against them" *is* to "disregard[] the case law, regulatory guidance, and the plain language of the FCRA Section 1681b(b)(3)(A)" – i.e., these are essentially two ways of alleging the same underlying thing. Put another way, paragraph 31 essentially alleges that "by violating the FCRA, State Farm violated the FCRA." What is missing from this circular equation, of course, is any suggestion of the actual harm that the alleged violation may have caused.

[6] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998).

[7] In that case, the plaintiff filed a class-action complaint for alleged violations of §§ 168le(b), 1681e(d), 168lb(b)(1) and 1681j(a) of the FCRA, which require consumer reporting agencies (i) to "follow reasonable procedures to assure maximum possible accuracy of" consumer reports; (ii) to notify certain parties regarding their responsibilities under the FCRA; (iii) to limit the circumstances in which such agencies distribute consumer reports for employment purposes; and (iv) to display toll-free numbers for consumers to request reports. *Spokeo,* 136 S.Ct. at 1545.

According to the Supreme Court, a plaintiff "could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury in fact requirement of Article III." *Id.* at 1549 (citing *Summers v. Earth Island Institute*, 555 U.S. 488, 496 (2009), and *Lujan*, 504 U.S. at 572). As shown above, however, alleging a bare procedural violation divorced from any concrete harm is *precisely* what Dutta does here. Under *Spokeo*, therefore, Dutta lacks standing to pursue his claim and his claim should be dismissed.[8]

Not surprisingly, in the wake of *Spokeo* a number of other federal courts, when faced with similar plaintiffs resting their FCRA allegations entirely on the FCRA's statutory damages provision, have not hesitated to dismiss such claims where, as here, only a procedural violation was alleged and no concrete harm was identified. *See, e.g., Smith v. Ohio State Univ.,* No. 2:15-CV-3030, 2016 WL 3182675, at *4 (S.D. Ohio June 8, 2016) (dismissing FCRA claim for lack of standing where claim was based on inclusion of waiver language in disclosure form, holding that such violation resulted in no "concrete consequential damage"). *See also Hochendoner v. Genzyme Corp.,* No. 15-1446, 2016 U.S. App. LEXIS 9438, at *12-13 (1st Cir. May 23, 2016) (applying *Spokeo* in affirming dismissal of claims that provided "no specific information" regarding the harm suffered by individual plaintiffs); *Khan v. Children's National Health Sys.,* No. TDC-15-2125, 2016 WL 2946165, at *7 (D.Md. May 19, 2016) (citing *Spokeo* in holding that plaintiff lacked standing, in part, because she failed to connect alleged statutory and common law violations arising from a data breach to a concrete harm). Even outside the FCRA context, courts have applied *Spokeo* to dismiss claims where no actual harm was alleged. In *Gubala v. Time Warner Cable, Inc.*, for example, the plaintiff alleged that the defendant retained the plaintiff's personally-identifiable information in violation of a provision of the Cable Communications Policy Act ("CCPA"), which generally requires cable services providers to discard such information after customers terminate their service. No. 15-cv-1078-pp, 2016 WL 3390415, at *3-4 (E.D.Wis. June 17, 2016). The plaintiff did not

---

[8] The Supreme Court did not decide whether the plaintiff in *Spokeo* had sufficiently alleged an injury in fact, but instead held that "the Ninth Circuit failed to fully appreciate the distinction between concreteness and particularization," and therefore "its standing analysis was incomplete." *Id.* at 1550. In accordance with that holding, the Ninth Circuit's prior opinion was vacated and the case remanded for reconsideration in light of the Supreme Court's decision. *Id.*

STATE FARM'S MOTION FOR SUMMARY JUDGMENT

allege, however, that the defendant distributed his personal information to third parties, or otherwise gained some economic benefit from the retention.  Applying *Spokeo,* the district court held that the plaintiff lacked Article III standing as a result, reasoning:

> [T]here are no allegations in the thirteen pages of the second amended complaint showing that the plaintiff has suffered a concrete injury as a result of the defendant's retaining his personally identifiable information . . . .  He does not allege that the defendant has disclosed his information to a third party.  Even if he had alleged such a disclosure, he does not allege that the disclosure caused him any harm . . . . *He alleges only that the CCPA requires cable providers to destroy personal information at a certain point, and that the defendant hasn't destroyed his.*

*Id.* at *4 (dismissing claims for lack of subject matter jurisdiction) (emphasis added).

Similarly, even accepting Dutta's allegations as fact for purposes of this motion, his claim boils down to an assertion that the FCRA requires employers to provide a pre-adverse action notice at a certain point, and that State Farm did not provide that notice to Dutta at the correct time.  What Dutta has failed to allege in the FAC, however, is that he was *actually harmed* by this alleged procedural violation.  As such, Dutta has failed to plead an injury in fact sufficient for Article III standing.  Further, the only non-statutory damages that Dutta attempts to identify in his interrogatory response on the subject – i.e., "[o]ther damages [of] frustration, emotional distress, and waste of time"[9] – are neither particularized nor concrete.  Under *Spokeo,* such allegations are not enough to confer Article III standing as a matter of law.  Dutta therefore cannot represent any putative class of similarly-situated plaintiffs, and his claim should be dismissed.

**C.     Should The Court Find That Additional Discovery Is Needed To Rule On This Motion, The Court Should Order Bifurcated Discovery Limited In The Initial Phase To The Threshold Issue of Dutta's Concrete Harm In Order To Avoid Potential Waste And Unnecessary Expense.**

For the reasons set forth above, State Farm submits that Dutta's allegations – coupled with his

---

[9] Ex. A, pp. 6-7, ¶ 8.

STATE FARM'S MOTION FOR SUMMARY JUDGMENT

discovery response evidencing a lack of any injury in fact – are sufficient bases upon which this Court may dispose of Dutta's FCRA claim. Should the Court find, however, that for some reason additional discovery and depositions are warranted in this case, State Farm respectfully asks that the Court amend the current scheduling order to allow for a revised bifurcated discovery process. Specifically, State Farm submits that, prior to class discovery or any other discovery regarding the merits of Dutta's claim, an initial discovery phase should be limited to the threshold issue of whether Dutta suffered any concrete harm as a result of State Farm's alleged violation of the FCRA. State Farm further requests that, after the initial discovery phase relating to Dutta's actual harm concludes, the Parties be given time to file dispositive motions and responses on the threshold standing issue, as well as time for the Court to rule on those motions, prior to any additional, broader fact discovery. In short, Dutta should first be required to show that he can cross the standing threshold before his case proceeds on the merits, and in the interest of judicial economy and avoiding waste and unnecessary expense, State Farm requests a revised scheduling order to that end.[10]

## III.   <u>CONCLUSION</u>

In light of the arguments set forth above, and the pleadings and the evidence in this case to date, Dutta has not alleged, and cannot allege based on his discovery responses, that State Farm's purported procedural violation of the FCRA caused him an injury in fact. Under *Spokeo*, therefore, Dutta's claim must fail for lack of standing.

Accordingly, State Farm respectfully requests that the Court enter an order finding that Dutta has failed to allege any concrete harm, and therefore lacks standing to pursue his FCRA claim. In

---

[10] In accordance with Civil Local Rule 16-2(d), State Farm is including in the attached Alternative Proposed Order Amending the Scheduling Order In This Case a proposed revised case management schedule, which provides for a new Phase I discovery period focused solely on the threshold issue of whether Dutta suffered any actual harm. Additional deadlines and proposed dates are also included in the proposed order, in the event that Dutta is able to prove an injury in fact and further class and/or merits discovery is warranted.

  Also in accordance with Civil Local Rule 16-2(d), State Farm has conferred with opposing counsel in an effort to reach agreement about the impact of *Spokeo* on this case and how discovery should proceed in light of the Supreme Court's decision. The parties, however, have been unable to reach agreement on this matter.

STATE FARM'S MOTION FOR SUMMARY JUDGMENT

the alternative, State Farm submits that the Court should order bifurcated discovery, with the initial phase limited to the issue of actual harm, to be completed prior to any broader fact discovery with regard to class certification and/or the merits of Dutta's claim. For the Court's convenience, proposed orders granting State Farm's requested relief are being filed concurrently herewith.

DATED: July 25, 2016.

/s/ Tiffany L. Powers

TIFFANY L. POWERS (*pro hac vice*)
tiffany.powers@alston.com
LISA CASSILLY (*pro hac vice*)
lisa.cassilly@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-7000

DOUGLAS R. HART, SBN 115673
dhart@sidley.com
JENNIFER B. ZARGAROF, SBN 204382
jzargarof@sidley.com
**SIDLEY AUSTIN LLP**
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendant*
*State Farm Mutual Automobile Insurance Company*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I, Brooks A. Suttle, certify and declare as follows:

1.      I am over the age of 18 and not a party to this action.

2.      My business address is 1201 West Peachtree St. NE, Atlanta, GA 30309.

3.      On July 25, 2016, I caused a copy of the foregoing **MOTION FOR SUMMARY JUDGMENT ON STANDING, OR IN THE ALTERNATIVE TO AMEND THE SCHEDULING ORDER** to be served upon the following counsel via the Court's CM/ECF system:

Deborah L. Raymond
Law Offices of Deborah L. Raymond
445 Marine View Avenue, Suite 300
Del Mar, California 92014

Robert S. Sola
Robert S. Sola, P.C.
8835 SW Canyon Lane, Suite 130
Portland, Oregon 97725

James A. Francis
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, Pennsylvania 19110

Micah Stephen Adkins
The Adkins Firm, PC
301 19th Street North, Suite 581
Birmingham, AL 35203

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.  Executed on the 25th day of July, 2016, at Atlanta, Georgia.

_/s/ Brooks A. Suttle_____
Brooks A. Suttle

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BOBBY S. DUTTA, on behalf of himself and all others similarly situated, | Case No.:  3:14-cv-4292-CRB |
| Plaintiff, | Judge:  Hon. Charles R. Breyer |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| Defendant. | |
| | Filing Date:          _____, 2016 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

This matter is before the Court upon Defendant State Farm Mutual Automobile Insurance Company's ("Defendant") Motion for Summary Judgment in the above-styled case.

After reviewing the moving papers and any opposition, and considering all other evidence presented to the Court, the Court hereby orders as follows:

1

Defendant's Motion for Summary Judgment is GRANTED.  Pursuant to the United States Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Plaintiff Bobby S. Dutta has not shown an injury in fact resulting from Defendant State Farm Mutual Automobile Insurance Company's alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and he therefore lacks standing to bring the instant action.

IT IS SO ORDERED.

Dated:

_____
Hon. Charles R. Breyer
United States District Judge

LEGAL02/36517793v9

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

BOBBY S. DUTTA, on behalf of himself and all others similarly situated,

              Plaintiff,

      v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

              Defendant.

Case No.:  3:14-cv-4292-CRB

Judge:  Hon. Charles R. Breyer

**[ALTERNATIVE PROPOSED] ORDER AMENDING THE SCHEDULING ORDER IN THIS CASE**

Filing Date:          _____, 2016

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

      This matter is before the Court upon Defendant State Farm Mutual Automobile Insurance Company's ("Defendant") Motion to Amend the Scheduling Order in the above-styled case.

      After reviewing the moving papers and any opposition, and considering all other evidence presented to the Court, the Court hereby orders as follows:

1

Defendant's Motion to Amend the Scheduling Order is GRANTED. The Parties will proceed to fact discovery on the limited issue of whether Plaintiff Bobby S. Dutta suffered any actual harm as a result of Defendant State Farm Mutual Automobile Insurance Company's alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* The following deadlines shall apply and supersede all prior scheduling orders in this case:

| | |
|---|---|
| Close of Phase I Actual Harm Discovery: | October 14, 2016 |
| Phase I Dispositive Motions Deadline on Plaintiff's Actual Harm: | October 28, 2016 |
| Oppositions to Motions on Plaintiff's Actual Harm: | November 11, 2016 |
| Replies in Support of Motions on Plaintiff's Actual Harm: | December 2, 2016 |
| *(Phase II fact discovery to resume only upon a ruling by the Court on the above motions finding that Plaintiff has demonstrated an injury in fact)* | |
| Close of Phase II Fact Discovery: | April 7, 2017 |
| Phase II Affirmative Expert Disclosures: | May 5, 2017 |
| Phase II Rebuttal Expert Disclosures: | June 2, 2017 |
| Phase II Expert Depositions Completed: | June 30, 2017 |
| Plaintiff's Motion for Class Certification: | July 28, 2017 |
| Phase II Dispositive Motions Deadline on Plaintiff's individual claims: | July 28, 2017 |
| Oppositions to Class Certification and Dispositive Motions: | August 25, 2017 |
| Replies in Support of Class Certification and Dispositive Motions: | September 8, 2017 |

IT IS SO ORDERED.

Dated: _____

                          Hon. Charles R. Breyer
                          United States District Judge

LEGAL02/36517793v9